IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHILLIP JELENIC, on behalf of himself and others similarly situated, | ) )  CASE NO. |
| Plaintiff, | ) )  JUDGE |
| v. | ) ) **COLLECTIVE ACTION COMPLAINT** |
| ZAREMBA MANAGEMENT CO. | ) ) **JURY DEMAND INCLUDED HEREON** ) ) |
| Defendant. | ) |

Plaintiff Phillip Jelenic ("Representative Plaintiff") for his Complaint against Defendant Zaremba Management Co. alleges as follows:

**INTRODUCTION**

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b). A

1

substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here.

## PARTIES

5. Representative Plaintiff is a resident of Ohio who was employed from 2019 until February 2021, as an hourly non-exempt maintenance tech at Defendant's Fairview Park, Ohio facility.

6. Defendant is a for-profit corporation conducting substantial business in Ohio, and with a principal place of business in Fairview Park, Ohio.

7. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

12. Defendant owns and operates apartments in Ohio, New York, North Carolina, Pennsylvania, Texas, and Virginia.

13. Representative Plaintiff worked at Defendant's Fairview Park, Ohio apartment as

a maintenance tech and lived on-site.

14. At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work more than 40 hours per workweek.

15. Representative Plaintiff and all other similarly situated employees were hourly non-exempt employees who lived on-site. As part of their compensation, Representative Plaintiff and others similarly situated were provided an apartment. The fair value of this lodging was not included when determining their regular rate of pay when calculating the amount of overtime compensation that was due.

16. This failure to include the fair value of lodging in regular rate resulted in Representative Plaintiff and others similarly situated being underpaid the overtime that they were owed. Defendant's failure to pay Representative Plaintiff and those similarly situated all the overtime they were owed violated the FLSA.

17. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated for all the overtime compensation that they were owed. Defendant knew or should have known that it was obligated to include the fair value of lodging when calculating the regular rate of pay for purposes of determining overtime compensation owed.

## COLLECTIVE ACTION ALLEGATIONS

18. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former non-exempt hourly employees who were provided lodging as part of their compensation in the three years preceding the date of**

3

**filing of this Complaint to the present who worked more than 40 hours in any workweek.**

20. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees who lived on-site and were provided lodging as part of their compensation. The fair value of such lodging was not included when computing the regular rate of pay when determining the amount of overtime compensation owed. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

21. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

22. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## COUNT ONE
### (FLSA Overtime Violations)

23. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Representative Plaintiff brings this claim for a violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

25. The FLSA required that Defendant's non-exempt hourly employees who lived on-site and received lodging as part of their compensation receive overtime compensation when they worked more than 40 hours in a workweek.

26. As non-exempt hourly employees who lived on-site and received lodging as part of their compensation, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

27. Defendant failed to pay all the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

28. At all relevant times, Defendant knew that it was required to include the fair value of lodging when calculating the regular rate for purposes of determining the amount of overtime compensation that was owed to Representative Plaintiff and those similarly situated. Regardless, Defendant failed to do so in violation of the FLSA.

29. By engaging in that practice, Defendant willfully violated the FLSA.

30. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

  B. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective;

  C. Award compensatory damages to Representative Plaintiff and the FLSA Collective in the amount of their unpaid wages as well as liquidated damages in an equal amount; and,

  D. Award Representative Plaintiff and the FLSA Collective their costs and attorney's fees incurred in prosecuting this action.

            Respectfully submitted,

            */s/ Hans A. Nilges*
            Hans A. Nilges (0076017)
            Shannon M. Draher (0074304)
            7034 Braucher Street, N.W., Suite B
            North Canton, OH 44720
            Telephone: (330) 470-4428
            Facsimile: (330) 754-1430
            Email: hans@ohlaborlaw.com

            *Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

                                                    */s/ Hans A. Nilges*

                                                    *Counsel for Representative Plaintiff*