IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PHILLIP JELENIC, on behalf of himself and others similarly situated** ) | |
| ) | Case No. 1:22-CV-93 |
| ) | |
| Plaintiffs, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | |
| **ZAREMBA MANAGEMENT CO.**, ) | |
| ) | |
| Defendant. ) | |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Representative Plaintiff Phillip Jelenic ("Representative Plaintiff"), Opt-In Plaintiffs Victor Smith, Quinten Bizzel, and Wilbert Cosme ("Opt-in Plaintiffs") (collectively, "Plaintiffs"), and Defendant Zaremba Management Co. ("Defendant") (Plaintiffs and Defendants collectively, the "Parties") respectfully request that this Honorable Court approve the Parties' settlement of the collective claims brought pursuant to the Fair Labor Standards Act ("FLSA") as reflected in the Settlement Agreement. In support of this Motion, the Parties submit the attached memorandum and the following documents:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement");

**Exhibit 2**: Declaration of Hans A. Nilges; and,

**Exhibit 3**: Proposed Order Granting Joint Motion for Approval of FLSA Settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ *Hans A. Nilges* | /s/ *Alex R. Frondorf (per e-mail authority)* |
| Hans A. Nilges (0076017) | Edward H. Chyun, Bar No. 0076880 |
| Shannon M. Draher (0074304) | echyun@littler.com |
| NILGES DRAHER LLC | Alex R. Frondorf, Bar No. 0087071 |
| 7034 Braucher Street, N.W., Suite B | afrondorf@littler.com |
| North Canton, Ohio 44720 | LITTLER MENDELSON P.C. |
| Telephone: (330) 470-4428 | Key Tower, 127 Public Square, Suite 1600 |
| Facsimile: (330) 754-1439 | Cleveland, OH  44114-9612 |
| hans@ohlaborlaw.com | Telephone:   216.696.7600 |
| | Facsimile:    216.696.2038 |
| Attorney for Plaintiff | Attorneys for Defendant |

**MEMORANDUM IN SUPPORT**

**I.    FACTUAL AND PROCEDURAL BACKGROUND.**

On January 18, 2022, Representative Plaintiff filed a wage and hour class and collective action complaint in the Northern District of Ohio, against Defendant Zaremba Management Co. seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA)(the "Action"). Specifically, Representative Plaintiff alleged that Defendant failed to include the value of housing when calculating his and other workers' regular rate of pay for purposes of determining overtime owed. This resulted in the underpayment of overtime. On March 17, 2022, Defendant filed its Answer, denying all liability.

To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in settlement discussions, and on May 25, 2022, the Parties agreed to resolve this matter. The essential terms of that agreement are embodied the Agreement attached as **Exhibit 1**.

For purposes of Settlement, the Parties agreed that Plaintiffs are similarly situated under 29 U.S.C. § 216(b) of the FLSA, and that because there are only four Plaintiffs, each of whom affirmatively filed consent to join forms, no Plaintiff is an "absent" collective or class member.

Defendants produced time and pay data for Plaintiffs, which were used to calculate damages. The "Global Settlement Fund" of **$22,500.00** is the total amount of funds Defendant agreed to pay to Plaintiffs for claims related to alleged unpaid overtime, liquidated damages, attorneys' fees, and costs. The Global Settlement Fund does not include Defendant's share of the applicable employer tax withholdings.

After deducting all attorneys' fees, costs, and Service Awards, the "Net Settlement Fund" is allocated to each Plaintiff. Allocations were calculated by Plaintiffs' Counsel using reasonable estimates primarily based on dates of employment, time and wage records provided by Defendant,

and Plaintiffs' allegations. Each Plaintiff will receive an amount exceeding 100% of calculated underpaid overtime.

In exchange for the settlement payments, Plaintiffs will release Defendants from claims related to the allegations and claims asserted in this lawsuit, and as outlined more fully in the Agreement. The "Covered Period", effective upon Court approval of the Settlement, is January 18, 2019, to the date Plaintiffs sign this Agreement.

## II.     THE COURT SHOULD APPROVE THE FLSA SETTLEMENT.

Settlement of claims made pursuant to § 216(b) of the FLSA are subject to approval by the Court. As explained below, Court approval is warranted.

### A. The seven-factor standard is satisfied.

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it "find[s] that the settlement is fair, reasonable, and adequate." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *5 (N.D. Ohio Mar. 26, 2019) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982)). Courts in the Sixth Circuit apply seven factors to evaluate collective action settlements:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes*, 2019 U.S. Dist. LEXIS 65657 at *5. Application of these principles to this settlement demonstrates that approval is warranted.

2

### 1. No indicia of fraud or collusion exists.

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (N.D. Ohio Oct. 10, 2018) (citation omitted). Here, disputes between the Parties were many, and the Agreement was achieved only after arms-length and good faith negotiations between the Parties, after each Party had the opportunity to evaluate each side's respective claims and defenses. This matter was highly disputed. As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

### 2. The complexity, expense, and likely duration of continued litigation favor approval.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted). Moreover, the Parties disagree over the merits of Plaintiffs' claims, including whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether the matter could proceed collectively, whether Plaintiffs were entitled to any unpaid wages and to what degree, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the

Plaintiffs promptly and efficiently, and also relieves Defendants from the time, cost, and effort of defending against Plaintiffs' claims.

### 3. Investigation was sufficient to allow the parties to act intelligently.

The Parties engaged in substantial investigation prior to negotiating the Settlement. Prior to filing the Action, Plaintiffs' Counsel represents that it performed a significant amount of research and factual investigation of the claims so as to set forth a factually specific and accurate complaint for the Court and Defendants. After the case was filed, Plaintiffs and Defendants engaged in numerous discussions regarding the merits of each side's respective positions.

### 4. The risks of litigation favor approval.

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raised defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the Plaintiffs would receive no compensation or, if they do receive compensation, it will be less than the Settlement provides and it would follow protracted litigation, potentially involving appeals. By settling the case at this relatively early stage of the litigation, the Parties bypass the inherent risks of litigation and achieve finality on this matter, as well as relieving the Court of expending resources on this matter. This factor favors approval of the settlement.

### 5. Plaintiffs' Counsel favor approval.

Plaintiffs' Counsel is experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Plaintiffs' Counsel support the Settlement as fair and reasonable, and in the best interest of Plaintiffs, as described in the Declaration of Hans A. Nilges. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 U.S. Dist. LEXIS 140019, at *11. Accordingly, this factor favors approval of the Settlement.

### 6. There are no absent class members.

In addition to the Representative Plaintiff, only three Opt-in Plaintiffs joined this matter. Settlement therefore concerns only four Plaintiffs, each of whom affirmatively filed consent to join forms. Accordingly, there are no absent class or collective members, and this factor favors approval of the Settlement.

### 7. The public interest favors approval of Settlement.

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003). In addition, "approving the parties' revised settlement agreement promotes the public's interest in encouraging settlement." *Brim v. Assurant, Inc.*, No. 3:21-cv-221, 2022 U.S. Dist. LEXIS 83093, at *4 (S.D. Ohio May 9, 2022) (further citation omitted)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on Plaintiffs, avoids the risks and

5

expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

### B. The Settlement distributions are fair, reasonable, and adequate.

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2009 U.S. Dist. LEXIS 144222, at *22 (N.D. Ohio Aug. 10, 2009). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for Plaintiff and the Class.

#### 1. The individual payments are reasonable and adequate.

The settlement compensates each Plaintiff for alleged unpaid overtime wages on a proportional basis based on the amount of time he was employed by Defendant. Plaintiffs' counsel represents that the Settlement exceeds 100% of calculated damages.

#### 2. The Attorney Fees to Plaintiff's' Counsel are proper and reasonable.

After the Court has confirmed that the terms of settlement are fair to the Settlement Class, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Here, Plaintiffs are requesting that the Court approve as reasonable attorneys' fees of **$12,000**. Defendants do not contest that the requested fees and costs are reasonable and therefore do not object to the request. This requested fee amount is less than Plaintiffs' Counsel's lodestar, which is increasing.

There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *Perrin v. John B. Webb & Assocs.*, No. 6:04-cv-399-Orl-KRS, 2005 U.S. Dist. LEXIS 35473, at *11-12 (M.D. Fla. Oct. 6, 2005) ("[I]n order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time."); *see also Fegley*, 19 F.3d at 1134-35 (upholding award of $40,000 in fees where Plaintiff recovered $7,680 in damages); *Grodecki v. Workman Indus. Servs.*, No. 19-cv-1374, 2020 U.S. Dist. LEXIS 9323, at *4 (N.D. Ohio Dec. 12, 2019); Dkt. 17-1 (approving as attorney fees of $10,000, with $9,081.90 in wage damages); *Batista v. Tremont Enters.*, No. 1:19CV361, 2019 U.S. Dist. LEXIS 121658, at *3 (ND Ohio July 22, 2019) ("[T]he Court finds that the proposed attorneys' [to Nilges Draher LLC] fees are reasonable," with a settlement of $7,500.00, and $3,401.05 in fees and $2,598.95 in costs); *Schraufl et al v. Riverside Local School District*, USDC ND Ohio, Case No. 1:19-cv-00175; Dkt. Nos. 7 and 9 (approving settlement of $7,098.30, with $5,620.50 in fees and costs).

Courts in this district acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *16. Indeed, this Court recently held that noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial

7

resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021).

### 3. The Court should authorize reimbursement to plaintiffs' counsel of their out-of-pocket expenses incurred in this case.

Plaintiffs' Counsel is only seeking reimbursement for part of their expenses. While actual expenses to date are $520.40, Plaintiffs' Counsel only seek reimbursement for $500 of those expenses. "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *20 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.; see also, Harsh*, 2021 U.S. Dist. LEXIS 175869 at *23 ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement"). Defendants do not contest that the requested costs are reasonable and therefore do not object to Plaintiffs' request.

**III.     CONCLUSION**

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order Approving Settlement and Release.

Respectfully submitted,

| | |
|---|---|
| */s/ Hans A. Nilges* | */s/ Alex R. Frondorf (per e-mail authority)* |
| Hans A. Nilges (0076017) | Edward H. Chyun, Bar No. 0076880 |
| Shannon M. Draher (0074304) | echyun@littler.com |
| NILGES DRAHER LLC | Alex R. Frondorf, Bar No. 0087071 |
| 7034 Braucher Street, N.W., Suite B | afrondorf@littler.com |
| North Canton, Ohio 44720 | LITTLER MENDELSON P.C. |
| Telephone: (330) 470-4428 | Key Tower, 127 Public Square, Suite 1600 |
| Facsimile: (330) 754-1439 | Cleveland, OH 44114-9612 |
| hans@ohlaborlaw.com | Telephone:   216.696.7600 |
| | Facsimile:    216.696.2038 |
| Attorney for Plaintiff | Attorneys for Defendant |