**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILLIP JELENIC, on behalf of himself and others similarly situated** | ) )  ) | Case No. 1:22-CV-93 |
| Plaintiffs, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | **[PROPOSED] ORDER** |
| **ZAREMBA MANAGEMENT CO.**, | ) ) | |
| Defendants. | ) ) | |

Representative Plaintiff Phillip Jelenic ("Representative Plaintiff"), Opt-In Plaintiffs Victor Smith, Quinten Bizzel, and Wilbert Cosme ("Opt-in Plaintiffs") (collectively, "Plaintiffs"), and Defendant Zaremba Management Co. ("Defendant") (Plaintiffs and Defendants collectively, the "Parties") have moved the Court to approve the Parties' Collective Action Settlement Agreement and Release of the claims brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and to approve Plaintiffs' Counsel's requested attorneys' fees and costs.

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion, the Declaration of Hans A. Nilges appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby approves the FLSA settlement, as well as the release and dismissal of all claims alleged in the Action and as provided in the Settlement Agreement as follows:

1.      Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Settlement Agreement.

2.      On January 18, 2022, Representative Plaintiff filed a wage and hour class and collective action complaint in the Northern District of Ohio, against Defendant seeking all

available relief under the FLSA (the "Action"). Specifically, Representative Plaintiff alleged that Defendant failed to include the value of housing when calculating his and other workers' regular rate of pay for purposes of determining overtime owed, which allegedly resulted in overtime violations of the FLSA.

3.      On March 17, 2022, Defendant filed its Answer, denying all liability.

4.      The Court finds that Settlement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA claims.

5.      The Court finds that Settlement resolves a bona-fide disputed matter. The Parties disagreed, and continue to disagree, as to whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether the matter could proceed collectively, whether Plaintiffs were entitled to any unpaid wages and to what degree, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits. Nevertheless, the Parties have resolved the matter.

6.      The Settlement Agreement provides for fair, reasonable, and adequate payments as supported in the Parties' Joint Motion, the Declaration of Hans A. Nilges, and the Settlement Agreement.

7.      The Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and approves the dismissal and release of all claims of all four Plaintiffs.

8.      The Court approves the payment of attorneys' fees and expenses to Plaintiffs' Counsel as provided in the Settlement Agreement.

9.      The Court orders that Settlement Awards and attorneys' fees and costs be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

10.     The Court dismisses the claims of the four Plaintiffs as provided in the Settlement Agreement.

11.     The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

12.     The Court retains jurisdiction over the Action to enforce the terms of the Settlement.


IT IS SO ORDERED this 15 day of ___August___, 2022.


 s/ James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT COURT JUDGE

- 4 -